JOURNAL ENTRY AND OPINION
{¶ 1} In these consolidated appeals, defendant-appellant John Vild challenges common pleas court orders denying his motion for clarification with respect to restitution and his motion to vacate a void judgment. We hold that the common pleas court lacked jurisdiction to vacate appellant's no contest plea after the judgment was affirmed on appeal, and also lacked jurisdiction to modify appellant's sentence after execution issued. Therefore, we vacate the orders of December 29, 1999 and January 4, 2000 and reinstate the judgment of conviction and sentence entered in August 1995 as corrected by this court's judgment on appellant's original appeal.
 Procedural History {¶ 2} In Cuyahoga County Common Pleas Court Case No. CR-318317, appellant pleaded no contest to and was found guilty of eight counts in a ten-count indictment, specifically, two counts of grand theft, two counts of forgery, one count of uttering, two counts of possession of criminal tools, and one count of securing writings by deception. The court denied appellant's motion to withdraw his plea before sentencing and, in August 1995, sentenced him to an aggregate of ten years' imprisonment and ordered him to pay restitution of $24,165.72, judgment being entered in the name of the state for the benefit of the victims. The trial court denied appellant's subsequent motion to reconsider the denial of his motion to withdraw his plea. *Page 3 
 {¶ 3} On appeal, this court vacated the judgment with respect to one count as to which appellant had not been found guilty, but affirmed the judgment in all other respects, including the trial court's denial of appellant's motion to withdraw his plea.
 {¶ 4} Appellant next moved the court to suspend further execution of his sentence and to modify his sentence to afford him "shock probation." The court denied these motions. Finally, appellant petitioned the court for post-conviction relief. The record does not disclose that the court disposed of this petition.
 {¶ 5} On December 23, 1999, appellant orally moved the court to vacate his plea of no contest. The court orally granted the motion, contingent on entry of another plea. This ruling was not journalized and appellant's 1995 conviction was never vacated.
 {¶ 6} Having orally granted appellant's motion to vacate the original plea, however, the court at the December 23, 1999 hearing accepted appellant's plea of no contest to all ten charges in the original indictment and sentenced him to time served. On December 29, 1999, the court entered a journal entry which recited appellant's new plea and the court's finding of guilt, and "adjudged that the defendant is sentenced to time served and orders the defendant released." Six days later, on January 4, 2000, the court entered the following order: "Restitution is hereby ordered as further condition of defendant's sentence." *Page 4 
 {¶ 7} On August 2, 2004, appellant filed a "motion to determine whether further restitution is necessary." In that motion, he asserted that funds from various sources should be applied to the restitution ordered in this case. He claimed that "all monies are accounted for, and prays that no restitution be ordered in the case at bar." The court rejected this motion on January 13, 2006, holding that restitution had been ordered as part of the defendant's sentence in August 1995 in the amount of $24,165.72, that $10,000 was credited against the ordered restitution pursuant to a settlement in a civil matter, and that no other credits or reductions should be ordered. The court further determined that "the judgment will be deemed to have been entered on December 23, 1999," the date appellant was resentenced. The court therefore ordered appellant to pay restitution in the amount of $14,165.72 plus interest at the statutory rate of ten percent from December 23, 1999. Appeal No. 87742 challenges this order.
 {¶ 8} Appellant next filed a motion to vacate the judgment entered on January 4, 2000. He argued that the sentence entered December 29, 2000 was a valid final judgment and that the subsequent order requiring him to pay restitution was void. The court denied this motion. Appeal No. 87965 challenges this order.
 {¶ 9} At oral argument, this court raised the question of the common pleas court's jurisdiction (1) to vacate the plea and sentence entered in 1995, (2) to accept a new plea and sentence in 1999 without a journal entry vacating the 1995 judgment, *Page 5 
and (3) to modify the sentence imposed in 1995. The court gave the parties leave to brief these issues. Both parties have submitted briefs pursuant to the court's order.
 Law and Analysis {¶ 10} Cuyahoga County Common Pleas Court Case No. CR-319982 is listed as one of the cases from which this appeal is taken. No order of restitution was entered in that case. The issues raised in these appeals are irrelevant to that case. Accordingly, we dismiss this appeal with respect to Case No. CR-319982.
 {¶ 11} On the merits of his appeal, appellant argues that the common pleas court erred by reviving the order of restitution after it was vacated on December 29, 1999, and by adding a criminal penalty to an already final judgment. He further argues that res judicata precluded the court from reinstating the previously vacated restitution order. These arguments assume that the judgment and sentence entered on December 29, 1999 validly vacated the 1995 judgment of conviction and sentence and was a final order which the court could not modify to include a restitution order.
 {¶ 12} We may consider, sua sponte, the trial court's jurisdiction to act, and review the trial court's subject matter jurisdiction de novo. See State v. Moore, Highland App. No. 03CA18, 2004-Ohio-3977, 1J1J7 8. A trial court has no jurisdiction to grant a motion to withdraw a plea after the plea and judgment have been affirmed on appeal. "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an *Page 6 
affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." State ex rel Special Prosecutors v. Judges, Court of CommonPleas (1978), 55 Ohio St.2d 94, 97; also see State v. Craddock, Cuyahoga App. No. 87582, 2006-Ohio-5915, 1J1J8-9. In this case, the appellate court previously affirmed appellant's convictions, including the trial court's denial of appellant's motion to withdraw his plea. The trial court had no jurisdiction to permit appellant to withdraw his plea thereafter.
 {¶ 13} Appellant contends that the order granting his motion to withdraw his guilty plea in 1999 was not a collateral attack on the 1995 judgment so it should not be barred by the appellate court judgment affirming his 1995 conviction and sentence. In support of this proposition, appellant cites State v. Bush (2002), 96 Ohio St.3d 235. The Supreme Court in Bush distinguished between a post-conviction motion to withdraw a guilty plea and a motion for post-conviction relief. The court noted that the two motions provide distinct avenues for relief and that a motion to withdraw a guilty plea is not a collateral attack on the conviction or sentence. Notably, however, the Bush case does not address the trial court's power to affect the decision of a reviewing court. There was no appeal from the original judgment in Bush, so the issue did not arise whether the trial court had the power to *Page 7 
grant a post-judgment motion to withdraw a guilty plea in the face of an appellate judgment affirming the conviction. Moreover, in this case, the appeals court affirmed the trial court's denial of appellant's motion to withdraw his guilty plea. The second motion to withdraw his guilty plea was a collateral attack on this appellate judgment. The trial court had no power to grant appellant's successive motion to withdraw his guilty plea under these circumstances.
 {¶ 14} In addition, a trial court has no authority to reconsider its own valid final judgments in a criminal case. "It long has been recognized that once the trial court has ordered into execution a valid sentence, it may no longer either amend or modify that sentence except under very limited circumstances." State v. Clark, Cuyahoga App. No. 82519, 2003-Ohio-3969. The court retains jurisdiction to correct a void sentencing order and to correct clerical errors, see, e.g., State v.Garretson (2000), 140 Ohio App.3d 554, 559, but neither of these exceptions applies here. "[T]here is no statutory authority granting a trial court the power to lessen a sentence after execution." State v.Frazier, Lake App. Nos. 2001-L-052 and 2002-L-003, 2002-Ohio-7132, ¶ 5.
 {¶ 15} The original judgment of conviction and sentencing order was valid and final, and was affirmed on appeal, as was the trial court's order overruling appellant's motion to withdraw his guilty plea. The trial court lacked jurisdiction to vacate, amend or modify the 1995 judgment. Accordingly, we vacate the void orders entered December 29, 1999 and January 4, 2000 and reinstate the August 1995 *Page 8 
judgment as corrected on appeal. This holding moots the issues raised in this appeal.[1]
 {¶ 16} Dismissed in part; vacated in part and prior judgment reinstated.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and PATRICIA ANN BLACKMON, J., concur.
[1] We are keenly aware that this result restores appellant's original sentence of imprisonment as well as the restitution order entered at that time. We are also keenly aware that neither party intended this result, and that the only matter the parties sought to have decided here is whether appellant must pay restitution. However, the court's concerns extend beyond the parties' concerns in the particular case. Judgments — especially criminal judgments — must be both final and certain to serve the purpose of deterring the offender and others from committing future crimes. This institutional concern overrides the undisclosed concerns that may have provoked the effort to vacate or amend the original judgment here. *Page 1