[Cite as *State v. Demyan*, 2012-Ohio-3634.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 11CA010096 |
|---|---|---|
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| | | COURT OF COMMON PLEAS |
| RICHARD DEMYAN | | COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 04 CR 66508 |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} Richard Demyan pleaded guilty to one count of unlawful sexual conduct with a minor. The trial court sentenced him to three years of community control. After completing his sentence, Mr. Demyan learned from the father of the victim and one of the victim's classmates that, according to them, the victim had fabricated her accusations. Mr. Demyan, therefore, filed a motion to vacate his conviction based on affidavits of the father and the classmate. Following a hearing on the motion, the trial court denied it. Mr. Demyan has appealed, assigning as error that the court incorrectly denied his motion to vacate. We affirm because, to the extent that his motion was a petition for post-conviction relief, it was untimely; to the extent it was a motion for new trial, Rule 33 of the Ohio Rules of Criminal Procedure does not apply; and, to the extent it was a motion to withdraw his guilty plea, he failed to provide this Court with a transcript of the hearing on the motion.

PETITION FOR POST-CONVICTION RELIEF

{¶2}     In his motion to vacate, Mr. Demyan argued that he was "entitled to the relief . . . prescribed in Ohio Revised Code Section 2953.21 . . . ."  Under Section 2953.21(A)(1)(a), "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."  A petition under Section 2953.21(A)(1)(a) must be "filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication . . . . If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."  R.C. 2953.21(A)(2).

{¶3}     Under Section 2953.23(A)(1), a trial court may not consider a petition for post-conviction relief that is filed after the deadline specified in Section 2953.21(A)(2) unless the petitioner was unavoidably prevented from discovering the facts on which he relies or, subsequent to the expiration of the deadline, the United States Supreme Court recognizes a new federal or state right that applies retroactivity to people in the petitioner's situation and the petition asserts a claim based on the new right.  R.C. 2953.23(A)(1)(a).  The petitioner must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted . . . ."  R.C. 2953.23(A)(1)(b).

{¶4}    In this case, Mr. Demyan did not file his petition for post-conviction relief within 180 days of his deadline for filing an appeal.  In addition, because he pleaded guilty instead of going to trial, he cannot demonstrate that, "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty[.]" *State v. Meek*, 9th Dist. No. 02CA008134, 2003-Ohio-1803, ¶ 7 (quoting R.C. 2953.23(A)(1)(b)); *State v. Murdock*, 11th Dist. No. 2001-P-0013, 2002 WL 408184, *2 (Mar. 15, 2002).  Accordingly, to the extent that Mr. Demyan's motion sought relief under Section 2953.21 of the Ohio Revised Code, the trial court did not have authority to consider it.  R.C. 2953.23(A).

## MOTION FOR NEW TRIAL

{¶5}    In his motion to vacate, Mr. Demyan also asserted that he was entitled to "relief . . . based on the theory of newly discovered evidence."  Under Rule 33 of the Ohio Rules of Criminal Procedure, "[a] new trial may be granted on motion of the defendant . . . [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."  Crim. R. 33(A)(6).  This Court, however, has held that, if a defendant "never had a trial, his motion for a new trial [is] a nullity."  *Warren v. Keck*, 9th Dist. No. 17986, 1997 WL 303325, *3 (May 21, 1997).  Accordingly, to the extent that Mr. Demyan's motion to vacate requested a new trial based on newly discovered evidence under Criminal Rule 33, the trial court correctly denied it.

## MOTION TO WITHDRAW GUILTY PLEA

{¶6}    In his motion to vacate, Mr. Demyan also argued that, if he had known that his accuser's father and classmate knew that she had fabricated her accusations, he would not have pleaded guilty.  Under Rule 32.1 of the Ohio Rules of Criminal Procedure, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to

correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶7}    The trial court denied Mr. Demyan's motion following a hearing on the motion. Even though it was Mr. Demyan's "duty to ensure that all parts of the record necessary for determination of the appeal are before this court and that the record [was] properly preserved for review," he has not provided this Court with a copy of the hearing transcript. *State v. Evans*, 93 Ohio App. 3d 121, 124 (9th Dist. 1994). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, [a] reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Labs.*, 61 Ohio St. 2d 197, 199 (1980). Accordingly, to the extent that Mr. Demyan's motion to vacate could be construed as a motion to withdraw his guilty plea, we must presume that the trial court correctly determined that he should not be allowed to withdraw his plea "to correct manifest injustice." Crim. R. 32.1. Mr. Demyan's assignment of error is overruled.

CONCLUSION

{¶8}    The trial court correctly denied Mr. Demyan's motion to vacate his conviction for unlawful sexual conduct with a minor. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

---

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

BENJAMIN JOLTIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.