[Cite as *State v. Lindsey*, 2013-Ohio-102.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98361**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE LINDSEY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-507095, CR-509932, CR-540066

**BEFORE:** Keough, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 17, 2013

**ATTORNEY FOR APPELLANT**

Christina M. Joliat
P.O. Box 391531
Solon, OH 44139

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mark J. Mahoney
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant Terrance Lindsey appeals from the trial court's judgment denying his second postsentence motion to withdraw his guilty plea. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} Lindsey was indicted in three separate cases. In CR-507095, he was charged with two counts of theft and three counts of passing a bad check. In CR-509932, he was charged with burglary, four counts of forgery, and theft. In CR-540066, he was charged with three counts of burglary, two counts of theft, four counts of identity fraud, two counts of receiving stolen property, and forgery.

{¶3} In October 2010, pursuant to a plea agreement, Lindsey pled guilty to (1) one count of theft in CR-507095; (2) forgery and two counts of theft in CR- 509932; and (3) one count each of burglary, theft, and identity fraud in CR-540066. All other counts were nolled. On November 5, 2010, the trial court sentenced Lindsey to an aggregate prison term of seven years in the three cases and ordered that he pay $3,200 in restitution.

{¶4} On December 22, 2010, Lindsey filed a pro se postsentence motion to withdraw his guilty pleas. The trial court denied his motion on January 12, 2011. Several months later, this court granted Lindsey's motion for leave to file a delayed appeal from the trial court's November 5, 2010 judgments.

{**¶5**} Lindsey raised seven assignments of error in his appeal. *State v. Lindsey*, 8th Dist. No. 96601, 2012-Ohio-804 (*"Lindsey I"*). In his first assignment of error, he argued that the trial court had erred in denying his postsentence motion to withdraw his guilty plea. This court found that it had granted Lindsey leave to appeal from the November 5, 2010 journal entries of sentencing (which merged all orders to that point), but that he had not requested leave to appeal from the trial court's later denial of his motion to withdraw his guilty plea, nor had he amended his notice of appeal or filed a separate notice of appeal to include the court's subsequent ruling on his motion. Accordingly, this court held that the assignment of error was beyond the scope of the appeal and declined to consider it. *Id.* at ¶ 7.

{**¶6**} With respect to Lindsey's other assignments of error, this court held that the trial court had erred in entering a conviction for fifth-degree felonies on two of the theft convictions in CR-509932, and remanded the case for the trial court to correct the journal entry so that it reflected convictions of first-degree misdemeanor theft offenses and for resentencing on these two counts. This court also vacated the restitution order and remanded for a restitution hearing in compliance with R.C. 2929.18(A)(1). Accordingly, this court affirmed Lindsey's convictions as modified but ordered resentencing in part.

{**¶7**} At the resentencing hearing,[1] Lindsey made an oral motion to withdraw his plea; later that day, he filed another written pro se motion to withdraw his guilty plea.

---

[1] The trial court sentenced Lindsey to time-served on the two theft offenses in CR-509932. Because the trial court had sentenced Lindsey in CR-540066 to six years for the burglary conviction and one year for the theft conviction, to be served consecutively, Lindsey's total prison time did not

Lindsey's second motion raised the same issues regarding his plea that were raised in his first motion. The trial court subsequently denied Lindsey's motion to withdraw his guilty plea; he now appeals from the trial court's judgment denying his motion.

## II. Analysis

{¶8} In his two assignments of error, Lindsey argues that the trial court erred in denying his second motion to withdraw his guilty plea, and that the court erred in denying his motion without holding a hearing. Lindsey's arguments lack merit.

{¶9} First, "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *State ex rel. Special Prosecutors v. Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). In other words, a trial court has no authority to reverse that which a superior court has affirmed. *State v. Vild*, 8th Dist. Nos. 97742 and 87965, 2007-Ohio-987. Because this court affirmed Lindsey's convictions as modified in *Lindsey I*, the trial court lacked jurisdiction to consider a motion to vacate the guilty plea. *See, e.g., State v. Gross*, 8th Dist. No. 93819, 2010-Ohio-3727, ¶ 9; *State v. Craddock*, 8th Dist. No. 87582, 2006-Ohio-5915, ¶ 10; *State v. McGee*, 8th Dist. No. 82092, 2003-Ohio-1966, ¶ 19-22. Accordingly, the trial court did not err in denying Lindsey's motion without a hearing.

{¶10} Furthermore, even assuming the trial court had jurisdiction to consider the motion, any issue regarding the validity of Lindsey's plea is barred by the doctrine of res

change upon resentencing.

judicata. Res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal. *State v. Leek*, 8th Dist. No. 74338, 2000 Ohio App. LEXIS 2909 (June 21, 2000), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Lindsey could have raised the issue in a timely appeal or could have obtained leave to raise the issue in his delayed appeal. He failed to do so and, accordingly, res judicata prevents him from raising the argument now.

{¶11} This court's remand for resentencing on two theft counts in *Lindsey I* does not affect the application of res judicata to Lindsey's motion. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court made clear that "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at paragraph three of the syllabus. Thus, this court has held that "the application of res judicata to a motion to withdraw is not impacted by a void sentence." *State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, ¶ 9. *See also State v. Jackson*, 8th Dist. No. 97809, 2012-Ohio-4280, ¶ 13 ("An appeal from resentencing after a void sentence has been imposed is not the first appeal, and questions that were or could have been raised in them will not be addressed or addressed again."); *accord State v. Allen*, 8th Dist. No. 97552, 2012-Ohio-3364, ¶ 13-15.

{¶12} Lindsey's first and second assignments of error are therefore overruled.

**{¶13}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR