[Cite as *State v. Marshall*, 2013-Ohio-2018.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                      :

    Plaintiff-Appellee                       :                    C.A. CASE NO.    25329

v.                                                          :                    T.C. NO.    08CR177/1

RODNEY J. MARSHALL                        :                    (Criminal appeal from
                                                                                 Common Pleas Court)

    Defendant-Appellant                     :

                                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____17th____ day of ____May____, 2013.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RODNEY J. MARSHALL, #597807, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of Rodney Marshall,

filed August 15, 2012. Marshall appeals from the July 17, 2012 decision of the trial court which overruled his post-sentence motion to withdraw his guilty pleas. We hereby affirm the judgment of the trial court.

{¶ 2} In *State v. Marshall*, 2d Dist. Montgomery No. 23243, 2009-Ohio-5746, ¶ 1-6, in which this Court affirmed the decision of the trial court which overruled Marshall's pre-sentence motion to withdraw his guilty pleas, as well as a motion to dismiss, we set forth the procedural history herein as follows.

* * * On February 13, 2008, an indictment was returned against Marshall containing 34 counts, and on August 19, 2008, another charge was added in a "B" indictment.

The matter was set for trial on September 22, 2008, and on that date, Marshall filed a "Notice of Conflict of Interest," requesting that the Montgomery County Prosecutor's Office be barred from the prosecution of all charges in both indictments. Alternatively, Marshall requested that the prosecutor's office be barred from the prosecution of the charges in Counts 14 and 15 of the initial indictment, since the alleged victims therein were the wife and son of the county prosecutor. Marshall's notice further indicated that the county prosecutor's wife is a municipal court judge.

On the day of trial, Marshall withdrew his previous pleas of not guilty and pled guilty to 18 of the 35 counts against him, namely: two counts of grand theft (motor vehicle), in violation of R.C. 2913.02(A)(1), felonies of the fourth degree; two counts of theft (over $500), in violation of R.C.

2913.02(A)(1), felonies of the fifth degree; one count of receiving stolen property (motor vehicle), in violation of R.C. 2913.51(A), a felony of the fourth degree; three counts of breaking and entering (unoccupied structure), in violation of R.C. 2911.13(A), felonies of the fifth degree; one count of burglary (occupied structure/ person present), in violation of R.C. 2911.12(A)(1), a felony of the second degree; three counts of burglary (occupied/criminal offense), in violation of R.C. 2911.12(A)(3), felonies of the third degree; two counts of theft (R.C. 2913.71 property), in violation of R.C. 2913.02(A)(1), felonies of the fifth degree; two counts of receiving stolen property (firearm), in violation of R.C. 2913.51(A), felonies of the fourth degree; one count of having weapons while under disability (prior offense of violence), in violation of R.C. 2923.13(A)(2), a felony of the third degree, and from the "B" indictment, one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a felony of the first degree. The remaining charges were dismissed in exchange for his pleas, including the charges involving the wife and son of the county prosecutor. There was an agreed upon sentencing range of not less than eight and not more than 12 years in prison. A presentence investigation was ordered, and sentencing was set for October 8, 2008.

On October 7, 2008, Marshall filed a motion to withdraw his guilty pleas, and sentencing was postponed. After retaining substitute counsel, Marshall filed a supplemental motion to vacate the pleas and a motion to

dismiss. A hearing was held on January 8, 2009, at which Marshal and his mother, Lisa Jewett, testified.

According to Marshall, his counsel misled him, and he did not understand the implications of his guilty pleas and that he would be sentenced to prison. He testified that he instructed his attorney to file a motion to suppress, and that his attorney told him it had been filed, although it had not. He further testified that his attorney advised him that the judge would hold hearings on both the motion to suppress and the motion regarding the alleged conflict of interest after he signed the plea forms. According to Marshall, his counsel "was leading me on to believe that after I signed the plea form, that then [the court] * * * would rule on the motions before he went on with the proceedings * * *."

On January 16, 2009, the trial court overruled the motion to withdraw the guilty pleas. The trial court found that Marshall's testimony "that he did not know in this case that he was pleading guilty, having certain charges dismissed, admitting to the truth of the remaining charges, waiving his rights, and that he would be sentenced to a prison sentence of between eight and twelve years, is not credible." On January 21, 2009, Marshall was sentenced to 10 years.

{¶ 3} In affirming the denial of his motions, this Court noted that it deferred to the trial court's assessment of credibility, "and the trial court expressly found Marshall's testimony about his misunderstanding of the plea proceedings not credible. Other than

Marshall's testimony, the record does not support a finding of deficient performance by counsel." *Id*., ¶ 16. This Court further noted that "the trial court's thorough decision denying Marshall's motion belies his assertion that the court did not give full and fair consideration to the request to withdraw his pleas." *Id.*, ¶ 17. Finally, having determined that the trial court did not abuse its discretion in denying Marshall's motion to withdraw his pleas, this Court noted that while the trial court did not rule upon Marshall's motion to dismiss by judgment entry, the court indicated at sentencing, "'[t]here was a motion to dismiss and the Court implicitly denied that by not ruling on it. Furthermore, the Court finds it to have been waived by the plea[s] of guilty which the Court has, by entry, found to be knowingly, voluntarily and intelligently [made].'" Id., ¶ 19. This Court agreed that "Marshall has waived any argument regarding a conflict of interest as set forth in his motion to dismiss," and further noted that "the two counts which purportedly gave rise to a conflict of interest were in fact dismissed as part of the plea bargain." *Id., ¶* 20.

{¶ 4} On January 7, 2010, Marshall filed an application to reopen his appeal, asserting that appellate counsel and the trial court failed to advise him that he was subject to mandatory post-release control. This Court denied that application on June 1, 2010, determining that the "record reflects that Marshall was properly advised of his mandatory term of post-release control," and that ineffective assistance was not demonstrated.

{¶ 5} While his application to reopen was pending, in January, 2010, Marshall filed two motions to withdraw his guilty pleas and a motion for resentencing. On February 17, 2010, the trial court overruled his motions to withdraw, but granted Marshall a hearing on his motion for resentencing. The court then issued a nunc pro tunc termination entry on

May 18, 2010, setting forth the mandatory nature of post-release control.

{¶ 6} Marshall appealed from the nunc pro tunc entry. *State v. Marshall*, 2d Dist. Montgomery No. 24079. This Court, on November 4, 2011, issued a Decision that provides in part, "[r]es judicata applies to all aspects of Marshall's conviction and sentence (other than post-release control), including the determination of guilt and the lawful elements of the sentence. Thus, Marshall cannot raise any challenge to his 2009 conviction and sentence that was or could have been raised on direct appeal." *Id.* This Court further noted that Marshall did not "assign any error to the manner in which the trial court corrected and clarified his term of post-release control at the nunc pro tunc hearing." *Id.*

{¶ 7} In his May 18, 2011 motion that is the subject of this appeal Marshall repeated his arguments that his plea was not entered knowingly, that a conflict existed in that the wife and son of the prosecutor were the victims in Counts 14 and 15, and that Marshall received ineffective assistance of counsel. He further asserted that the trial court exhibited bias in denying his presentence motion to withdraw his pleas. Marshall asserted that the prosecutor and his assistant "repeatedly pressured subordinates to contribute money and time to political campaigns, in defiance of federal law." Marshall asserted that his "motion to dismiss case in regard to conflicts, misconduct, et cetera, was never addressed, was basically ignored," and the trial court "was evasive about it just as the previous motion."

{¶ 8} We note that Marshall filed a supplemental motion on July 1, 2011, in which he asserted that the "entire plea (or what was considered a plea) in this case was void because the prosecutor[']s office and defendant's attorney were not allowed to be negotiating in the first place." He further asserted that his appellate counsel, in prosecuting his appeal

from the nunc pro tunc termination entry "failed to expose the current evidence that Defendant has exposed/presented in this current Motion to Withdraw Plea" filed May 18, 2011.

{¶ 9}  In overruling Marshall's final motion to withdraw his pleas, the trial court determined, upon "consideration of the entire record, the Court is satisfied that manifest injustice has not been worked upon Mr. Marshall and his motion to withdraw guilty pleas is OVERRULED."

{¶ 10}  Marshall asserts five assignments of error herein, which we will consider together.   They are as follows:

{¶ 11}  "PROSECUTOR MISCONDUCT AND DEFENDANT'S PRIOR TRIAL AND APPELLATE COUNSEL HAVE VIOLATED DEFENDANT[']S CONSTITUTIONAL RIGHTS RENDERING DEFENDANT[']S COUNSELORS INSUFFICIENT,"

And,

"RES JUDICATA DOES NOT APPLY TO ANY ASPECTS OF DEFENDANT[']S CASE TO INCLUDE THIS CURRENT APPEAL,"

And,

"VINDICTIVE PROSECUTION CAUSED CONFLICTS WITH TRIAL JUDGE AND DEFENDANT[']S COUNSELORS IN VIOLATION OF DEFENDANT[']S CONSTITUTIONAL RIGHTS,"

And,

"THE TRIAL COURT CAUSED MANIFEST INJUSTICE AGAINST

DEFENDANT BY VIOLATING HIS CONSTITUTIONAL RIGHTS AND DUE PROCESS,"

And,

"DEFENDANT'S PLEA IS VOID, UNCONSTITUTIONAL, AND THE TRIAL COURT FAILED TO PROPERLY ANALYZE[,] RESEARCH, AND EXAMINE DEFENDANT[']S MOTION TO WITH DRAW (sic) IN VIOLATION OF HIS DUE PROCESS. FOR THE REASONS SET FORTH IN THE PREVIOUS 4 ASSIGNED ERRORS, THE TRIAL COURT FAILED TO GIVE MR. MARSHALL'S MOTION TO WITH DRAW (sic) PLEA FILED MAY 18, 2011 ANY JUST AND FAIR CONSIDERATION."

{¶ 12} Marshall repeats the arguments addressed by the trial court in his pre-sentence motion to withdraw his pleas and his motion to dismiss regarding conflicts of interest and ineffective assistance of counsel. He asserts that he has suffered a manifest injustice; that the doctrine of res judicata does not apply herein; that the prosecutor exhibited vindictiveness and misconduct; that the trial court did not comply with Crim.R. 11 in accepting his pleas, misstated his term of post-release control, exhibited bias towards him and failed to analyze his pre-sentence motion to withdraw his pleas; and that his "plea was void in the first place." The State responds that "Marshall's challenges to the State's prosecution of him and the validity of his pleas have been litigated in full," that they are barred by res judicata, and that Marshall "cannot establish that he has suffered a manifest injustice."

{¶ 13} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest

may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 14} As this Court has previously noted: "Crim. R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. *State v. Bush* (2002), 96 Ohio St.3d 235, 2002-Ohio-3993." *State v. Moore*, 2d Dist. Montgomery No. 24387, 2011-Ohio-4546, ¶ 8. "A defendant can only establish a manifest injustice in 'extraordinary cases.' * * * A manifest injustice has been defined by the Ohio Supreme Court as a 'clear or openly unjust act.' * * * ." *Id*., ¶ 9. "'A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" *Id*. (Citations omitted).

{¶ 15} As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} The Ohio Supreme Court, in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus at ¶ 9, determined:

Under the doctrine of res judicata, a final judgment of conviction bars

a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶ 17} We agree with the State that the validity of Marshall's pleas has been fully litigated and determined, and as this Court noted in dismissing Marshall's appeal from his nunc pro tunc termination entry, res judicata applies to all aspects of Marshall's conviction and sentence, and his assertions herein are accordingly barred. Finally, Marshall has not demonstrated a manifest injustice requiring his pleas to be withdrawn, and an abuse of discretion is not demonstrated.

{¶ 18} Marshall's assigned errors are overruled, and the judgment of the trial court overruling Marshall's fourth motion to withdraw his pleas is affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Kirsten A. Brandt
Rodney J. Marshall
Hon. Michael W. Krumholtz