[Cite as *State v. Cooper*, 2014-Ohio-2404.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100537**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SCOTT COOPER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-516924

**BEFORE:** Rocco, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Bldg.
Suite 1016
Cleveland, OH 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, OH 44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Scott Cooper appeals from the trial court order that denied his "motion to withdraw his pleas of guilty, or in the alternative, motion for a new trial, or in the alternative, petition for post-conviction relief."

{¶2} Cooper presents one assignment of error, arguing that the trial court abused its discretion in denying his motion. He asserts that the evidentiary material he attached to his motion: (1) demonstrated he should be permitted to withdraw his guilty pleas because a manifest injustice occurred, (2) warranted a postconviction relief hearing, and (3) could not have been discovered even in the exercise of due diligence within the required time period for the filing of a motion for a new trial.

{¶3} Upon a review of the record, this court finds none of Cooper's assertions has merit. The trial court's order is, accordingly, affirmed.

{¶4} This court previously reviewed the circumstances of Cooper's case in *State v. Cooper*, 8th Dist. Cuyahoga No. 93308, 2010-Ohio-3663 ("*Cooper I*"). In pertinent part, *Cooper I* stated as follows:

> On November 13, 2008, Cooper was indicted on four counts of pandering sexually-oriented matter involving a minor (R.C. 2907.322(A)(2) and (A)(1)) and one count of possessing criminal tools, to wit: computer and/or equipment (R.C. 2907.322(A)(1)). Each count contained a forfeiture specification.

> On January 28, 2009, Cooper entered a plea of guilty to all counts of the indictment. The court conducted a sentencing hearing on February 24, 2009.
> * * *

> The prosecutor summarized Cooper's statement to police. Cooper admitted visiting the website "jailbait.com" and using Limewire. He admitted entering search terms and receiving videos of young children, five to ten years old, being physically and sexually

abused by adults. He also stated he would "act out" by viewing the child pornography on the Internet and then masturbating. The prosecutor expressed the state's belief that pandering child pornography is not a victimless crime. The prosecutor further reviewed Cooper's criminal history.

\* \* \*

The trial court commented on the seriousness of the offense and considered Cooper's considerable remorse. The court sentenced Cooper to an aggregate sentence of 16 years in prison. Cooper filed a delayed appeal with leave of court.

\* \* \*

In this case, the trial court imposed an aggregate sentence of 16 years, when Cooper faced a total maximum consecutive sentence of 36 years. The sentence was within the permissible statutory range. Also, the court properly applied postrelease control. Accordingly, Cooper's sentence is not clearly and convincingly contrary to law.

\* \* \*

Here, the trial court discussed the seriousness of the underlying offense, finding it to be "an absolutely heinous offense." The court reviewed the presentence investigation report; heard arguments from counsel, including a review of Cooper's criminal history and mitigating factors; heard from Cooper and his ex-wife, who spoke on his behalf; and considered Cooper's remorse. Reviewing the record, we find that the trial court considered the statutory factors and did not abuse its discretion.

\* \* \*

\* \* \* Cooper has not demonstrated that his plea was less than knowingly, voluntarily, and intelligently entered.

**{¶5}** Based upon the foregoing, on May 6, 2010, this court affirmed Cooper's convictions and sentences. *Cooper I* at ¶ 42.

**{¶6}** On September 20, 2013, Cooper filed the motion at issue in the instant case, captioning it as a "motion to withdraw his pleas of guilty, or in the alternative, motion for a new trial, or in the alternative, petition for post-conviction relief." In his supporting brief, he asserted that he

"subsequently learned" that during the time that his case was pending in 2008, the original trial judge had engaged in illegal conduct for which she later was indicted and convicted. Cooper asserted that "he was unaware of these allegations when he entered his pleas." Cooper argued that he thus demonstrated "manifest injustice" that should permit him to either withdraw his guilty pleas, or be awarded a new trial, or receive "appropriate post-conviction relief."

{¶7} In support of his motion, Cooper attached four documents, viz., (1) his affidavit, dated September 11, 2013; (2) a copy of a portion of the federal indictment issued against the original trial judge, dated September 14, 2010; (3) a copy of the report of the Board of Commissioners on Grievances and Discipline ("Disciplinary Counsel") to the Ohio Supreme Court regarding the original trial judge, dated June 10, 2013; and (4) a copy of the federal appellate court decision that affirmed the original trial judge's convictions for making false statements to federal agents, dated June 4, 2012.

{¶8} In his affidavit, Cooper averred that he had been unaware when he entered his guilty pleas that his trial judge was engaging in "private conversations with litigants in cases on her docket and attempting to influence various litigants" and that she was under investigation by federal agents. He averred that, "had he known of this illegal and unlawful investigation [sic] he would not have entered a plea of guilty and would have sought recusal of [the judge] and a re-assignment of his case to another jurist."

{¶9} Cooper also asserted that he learned of the trial judge's actions when she was indicted by a federal grand jury on September 14, 2010. He further asserted that the Disciplinary Counsel "had conducted a hearing January 23, 2013" before issuing its

conclusion that the trial judge "engaged in illegal, unlawful, and unethical conduct in violation of the Ohio Rules of Professional Conduct and the Ohio Code of Judicial Conduct."

**{¶10}** On September 24, 2013, the trial court denied Cooper's motion. The trial court stated that Cooper failed to "indicate in any way, shape or form" that any of the original trial judge's unethical conduct "directly related" to his case.

**{¶11}** Cooper appeals from the trial court's order with one assignment of error.

> I. Defendant was denied due process of law when the court summarily overruled his motion to withdraw his plea of guilty without at least an evidentiary hearing.

**{¶12}** In his assignment of error, and in derogation of App.R. 16(A)(7), Cooper presents three distinct claims for this court's review. He claims firstly that the original trial judge's behavior created a "manifest injustice" that, at least, warranted a hearing on his motion to withdraw his guilty pleas. He claims secondly that he presented sufficient evidence to warrant a hearing on a petition for postconviction relief. He claims thirdly that he presented "newly discovered evidence" that warranted a hearing on a motion for a new trial. None of these claims have merit.

**{¶13}** With respect to Cooper's first claim, this court has stated that "a trial court has no authority to reverse that which a superior court has affirmed." *State v. Lindsey*, 8th Dist. Cuyahoga No. 98361, 2013-Ohio-102, ¶ 9, citing *State v. Vild*, 8th Dist. Cuyahoga Nos. 87742 and 87965, 2007-Ohio-987. Because this court affirmed Cooper's convictions in *Cooper I*, the doctrine of res judicata applied, and the trial court "lacked jurisdiction to consider a motion to vacate the guilty plea." *Lindsey* at ¶ 9-10, citing, inter alia, *State v. Gross*, 8th Dist. Cuyahoga No. 93819, 2010-Ohio-3727, ¶ 9; *see also State v. Waite*, 8th Dist. Cuyahoga No. 96954, 2012-Ohio-489; *State v. Marshall*, 2d Dist.

Montgomery No. 25329, 2013-Ohio-2018; *State v. Moviel*, 8th Dist. Cuyahoga No. 88984, 2007-Ohio-5947, ¶ 19-28.

**{¶14}** In similar circumstances, this court also has held that, even if the trial court had jurisdiction to consider such a motion, the trial court could discount a defendant's untimely affidavit. *State v. Lenard*, 8th Dist. Cuyahoga No. 95317, 2011-Ohio-1571. *Lenard* observed in pertinent part as follows:

> * * * [O]ne who seeks to withdraw a plea after sentencing must establish the existence of manifest injustice. See [*State v.*] *Smith*[, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977)] at paragraph one of the syllabus.
>
> This court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised or *could* have been raised *in a prior proceeding*, including a direct appeal. *State v. Fountain*, Cuyahoga App. Nos. 92772 and 92874, 2010-Ohio-1202; *State v. McGee*, Cuyahoga App. No. 91638, 2009-Ohio-3374; *State v. Pickens*, Cuyahoga App. No. 91924, 2009-Ohio-1791; *State v. Gaston*, Cuyahoga App. No. 82628, 2003-Ohio-5825.
>
> * * *
>
> * * * [A]n "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, quoting *Smith* at paragraph three of the syllabus.
>
> * * *
>
> * * * [U]pon our review, we find nothing in the record that demonstrates a manifest injustice occurred in this matter. Accord *State v. Heath*, Warren App. No. CA2006-03-036, 2006-Ohio-7045 (where * * * defendant waited four years to file motion to vacate guilty plea, but claimed that he only discovered the basis for the motion a few months earlier, the trial court could reasonably conclude that appellant did not demonstrate a reasonable likelihood that withdrawal of the plea was necessary to correct a manifest injustice).

(Emphasis added.) *Id.* at ¶ 22-26.

{¶15} Likewise, in this case, Cooper's affidavit proves that he was aware of the legal troubles faced by his original trial judge in 2010. This occurred shortly after this court issued its opinion in *Cooper I*. Rather than filing a motion to withdraw his guilty pleas immediately, he waited until September 2013.

{¶16} Under these circumstances, even if the trial court had authority to consider Cooper's motion and his motion were not barred by the doctrine of res judicata, the trial court reasonably questioned Cooper's credibility when he asserted in his affidavit that he would not have entered his guilty pleas in his own case had he been aware of the original trial judge's "illegal" and "unethical" behavior with respect to other, unrelated cases on her docket. *Lenard* at ¶ 26; *Lindsey*, 8th Dist. Cuyahoga No. 98361, 2013-Ohio-102, at ¶ 10. The trial court did not abuse its discretion in denying Cooper's motion to withdraw his guilty pleas.

{¶17} The second claim Cooper raises in his assignment of error suffers from similar flaws. The trial court lacked jurisdiction to consider a petition for postconviction relief in this case. This court noted in *Lenard*, at ¶ 28:

> R.C. 2953.21(A)(2) mandates that petitions for postconviction relief must be filed within 180 days after the transcript is "filed in the court of appeals in the direct appeal of the judgment." On its face, therefore, [appellant's] petition was not timely filed with the trial court.

{¶18} As to whether a petitioner's delay in seeking postconviction relief may be excused, R.C. 2953.23(A) provides:

> [A] court may *not* entertain a petition filed after the expiration of the period * * * unless division (A)(1) * * * of this section applies:

(1) *Both* of the following apply:

(a) * * * [T]he petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * * .

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error *at trial*, no *reasonable factfinder would have found the petitioner guilty* of the offense of which the petitioner was convicted * * * .

(Emphasis added.)

{¶19} If the petitioner fails to meet both exceptions, the trial court lacks jurisdiction to consider his untimely petition for postconviction relief. *Lenard* at ¶ 30, citing *State v. Wheatt*, 8th Dist. Cuyahoga No. 77292, 2000 Ohio App. LEXIS 4953 (Oct. 26, 2000). In this case, Cooper's delay in filing his petition could not be excused and, at any event, no constitutional error occurred at "trial." Consequently, the trial court correctly denied Cooper's petition.

{¶20} Cooper's third claim, i.e., that a hearing on a motion "for a new trial" in his case was warranted, also is rejected. No trial took place in this case. Crim.R. 33(B) has no application to cases in which the defendant entered a guilty plea. *State v. Demean*, 9th Dist. Lorain No. 11CA010096, 2012-Ohio-3634, ¶ 5; *State v. Franklin*, 2d Dist. Greene No. 2002 CA 77, 2003-Ohio-3831, ¶ 9-11.

{¶21} Based upon the foregoing, Cooper's assignment of error is overruled.

{¶22} The trial court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR