[Cite as *State v. Simon*, 2015-Ohio-4448.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2015-05-081 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N |
| - vs - | : | 10/26/2015 |
| | : | |
| MITCHELL SIMON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-12-1983


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michael K. Allen & Associates, LLC, Mary K. Martin and Joshua A. Engel, 5181 Natorp Boulevard, Suite 210, Mason, Ohio 45040, for defendant-appellant


**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Mitchell Simon, appeals a decision of the Butler County Court of Common Pleas denying his second motion to withdraw his guilty plea.[1]

{¶ 2} The background facts of this case were set forth in this court's prior decision in *State v. Simon*, 12th Dist. Butler No. CA2014-06-139, 2015-Ohio-970, ¶ 2-3 (*Simon I*):

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

When Simon was 16 years old, he attempted to kill his parents by setting his family's home on fire while his parents were sleeping in separate bedrooms. Simon used an accelerant to start fires in two separate areas of the upstairs near the bedrooms. Fire investigators also found rope tied around the doorknobs of the bedroom doors where Simon's parents slept so that they could not open the doors to escape. Simon's parents survived the fire, and Simon was eventually arrested.

Simon originally appeared in the Butler County Juvenile Court for a probable cause hearing. The juvenile court found that probable cause existed, and then transferred the case to the common pleas court pursuant to Ohio's mandatory bindover statutes. Simon was therefore tried as an adult. Simon was indicted on two counts of attempted aggravated murder and one count of aggravated arson. * * * [On June 2, 2014], Simon * * * entered a guilty plea to each charge.

{¶ 3} At the sentencing hearing, Simon argued that the aggravated arson charge should merge with the attempted aggravated murder charges, but the trial court found that the two crimes were not allied offenses of similar import. The trial court subsequently sentenced Simon to nine years in prison on each of the three charges, to be served concurrently. Simon appealed his convictions and sentence to this court. On appeal, he challenged the constitutionality of R.C. 2152.12, Ohio's mandatory bindover statute, and argued he received ineffective assistance of counsel because his trial counsel did not challenge the constitutionality of the statute. Simon also argued his conviction for aggravated arson should have merged with his convictions for attempted aggravated murder.

{¶ 4} While his appeal was pending, Simon filed a petition for postconviction relief and a motion to withdraw his guilty plea on the ground he received ineffective assistance of counsel. In support of the petition and motion, Simon attached affidavits from himself, his father, mother, and uncle. The affidavits alleged that Simon's trial counsel misinformed him of the terms of his plea agreement. Specifically, the affidavits alleged that in exchange for a guilty plea, Simon was led to believe he might receive community control or, at worst, three years in prison with the possibility of judicial release after six months. The trial court denied

the petition and motion without conducting an evidentiary hearing. Simon appealed the denial of his petition and motion to this court.

{¶ 5} On March 16, 2015, in Simon's direct appeal, we found that R.C. 2152.12 was constitutional and that Simon was not denied effective assistance of counsel, and we affirmed his convictions. *Simon I*, 2015-Ohio-970 at ¶ 15-17, 42. We, however, found that Simon's convictions for aggravated attempted murder and aggravated arson were allied offenses of similar import and that the trial court erred when it did not merge the convictions. *Id.* at ¶ 41. Accordingly, we remanded the case to the trial court for resentencing, with instructions for the trial court to "resentence Simon after the state chooses upon which charge(s) to proceed." *Id.*

{¶ 6} After the case was remanded, Simon once again moved to withdraw his guilty plea. Simon argued that because the motion was filed prior to resentencing, it was a "presentence" motion to withdraw and should be "freely and liberally granted" under Crim.R. 32.1. Simon's motion raised the same issues regarding his plea that were raised in his first motion to withdraw his plea. In support of his motion, Simon resubmitted the four affidavits previously attached to his first motion to withdraw, and submitted affidavits from his psychotherapist and his aunt.

{¶ 7} On April 8, 2015, a resentencing hearing was held during which the state elected to proceed under the two attempted aggravated murder charges. Consequently, the trial court merged the aggravated arson conviction into the attempted aggravated murder convictions, and sentenced Simon to nine years in prison on each of the attempted aggravated murder charges, to be served concurrently. On April 20, 2015, the trial court found that Simon's second motion to withdraw his plea was a post-sentence motion and denied it without a hearing.

{¶ 8} On July 27, 2015, we affirmed the trial court's denial of Simon's postconviction

relief petition and his first motion to withdraw his plea. *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 18, 31 (*Simon II*). This court found that the trial court did not abuse its discretion in denying the petition and motion. *Id.*

{¶ 9} Simon now appeals the denial of his second motion to withdraw his plea, raising three assignments of error. Because Simon's first two assignments of error are interrelated, we will address them together.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED IN NOT GRANTING A HEARING ON THE MOTION TO WITHDRAW PLEA.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO WITHDRAW PLEA.

{¶ 14} Simon argues the trial court erred in denying his second motion to withdraw his guilty plea without a hearing. Simon asserts the trial court erred in treating the motion as a post-sentence motion subject to the "manifest injustice" standard under Crim.R. 32.1, rather than as a presentence motion which should be "freely and liberally granted."[2] Simon asserts his motion to withdraw was a presentence motion because, inter alia, we declared his original sentence void in *Simon I*.

{¶ 15} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his

---

2. The basis of Simon's "presentence" motion to withdraw his guilty plea is that the trial court imposed a sentence contrary to what his trial counsel advised him would be imposed. Simon does not explain how a "presentence" motion to withdraw a plea may be predicated upon the sentence. Inherent in the concept of a "presentence" motion is that the sentence is yet to be imposed. Furthermore, an un-imposed, anticipated sentence may not serve as grounds for a presentence motion to withdraw a guilty plea as it is mere conjecture and speculation as to what the sentence will be prior to its imposition.

or her plea." Crim.R. 32.1 requires a defendant making a post-sentence motion to withdraw a plea to demonstrate manifest injustice because it is designed "to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶ 16} At the outset, we dispute Simon's assertion that this court declared his original sentence void in *Simon I*. Contrary to Simon's assertion, we did not declare his original sentence was void. Rather, we simply found that Simon "fulfilled his burden of proving that the convictions are allied offenses, and the trial court erred when it did not merge the convictions." *Simon I*, 2015-Ohio-970 at ¶ 41. Accordingly, we remanded the case to the trial court solely for resentencing, based on the allied-offenses sentencing error. *Id.*

{¶ 17} "It has long been held that a trial court has no authority to even consider a motion to withdraw a plea after a conviction has been affirmed on appeal; or, if there was no appeal, after the time for filing the original appeal has passed." *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, ¶ 11.

{¶ 18} In 2010, the Ohio Supreme Court affirmed its holding that "'Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court.'" *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 61, quoting *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). Crim.R. 32.1 "'does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.'" *Id.* quoting *Special Prosecutors* at 98.

{¶ 19} Subsequently, in 2011, the supreme court held that "[i]n a remand based only on an allied-offenses sentencing error, the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review." *State v. Wilson*, 129 Ohio St.3d

214, 2011-Ohio-2669, ¶ 15.

{¶ 20} In the case at bar, after considering Simon's direct appeal to this court, we remanded the case to the trial court solely for the limited purpose of dealing with the merger issue and resentencing Simon. No other aspect of Simon's convictions was modified by the appeal and we affirmed his convictions. The trial court, therefore, lacked jurisdiction to consider Simon's post-remand motion to withdraw his guilty plea. *Carter*, 2011-Ohio-6104 at ¶ 13. *See also State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260; *State v. O'Neal*, 9th Dist. Medina No. 10CA0140-M, 2012-Ohio-396 (on remand solely for resentencing, a trial court may not entertain a motion to withdraw a plea; a trial court's grant of a post-remand motion to withdraw a plea would essentially undo the entire appeal).

{¶ 21} The trial court, therefore, did not err in denying Simon's post-remand motion to withdraw his guilty plea without a hearing. *State v. Lindsey*, 8th Dist. Cuyahoga No. 98361, 2013-Ohio-102. Simon's first and second assignments of error are overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} THE TRIAL COURT LACKED JURISDICTION BECAUSE R.C. 2151.12 [sic] IS UNCONSTITUTIONAL.

{¶ 24} Following our decision remanding this case for resentencing, Simon filed a motion to dismiss for lack of jurisdiction, arguing the trial court lacked jurisdiction because R.C. 2152.12, the bindover statute, was unconstitutional. The trial court denied the motion. On appeal, Simon argues the trial court erred in denying his motion to dismiss.

{¶ 25} Simon's third assignment of error is overruled on the basis of our holding in *Simon I* that the bindover statute is constitutional:

> Ohio courts have continually found that the mandatory bindover statute is constitutional and does not violate due process or other constitutional rights.
>
> We agree with the holdings of our sister courts that the

- 6 -

> mandatory bindover statutes do not violate due process. The statute, which removes any discretion from the juvenile court, requires the juvenile court to bind the juvenile-defendant over if three qualifications are met: the defendant must have committed a delineated crime, the defendant must be of a certain age, and there must be probable cause to support the charge. Because juvenile judges have no discretion in the matter and are required to hold a hearing to determine the defendant's age, the category of the offense charged, and whether probable cause exists, there is no deprivation of due process.

(Internal citations omitted.) *Simon I*, 2015-Ohio-970 at ¶ 15-16. We likewise rejected Simon's claim that the trial court lacked jurisdiction because the bindover statute was unconstitutional: "given our decision that the statute is constitutional, the trial court held proper jurisdiction where the juvenile court found that Simon was 16 years old, was charged with attempted aggravated murder, and that there was probable cause to support the charge." *Id.* at ¶ 17, fn. 1.

**{¶ 26}** Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.