[Cite as *State v. Davis*, 2015-Ohio-5182.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     15CA0004-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC JOEL DAVIS | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE Nos.    6777 (80CR0229) |
| | | 6852 (81CR0001) |

DECISION AND JOURNAL ENTRY

Dated: December 14, 2015

SCHAFER, Judge.

{¶1}  Defendant-Appellant, Eric J. Davis, appeals the judgment of the Medina County Court of Common Pleas denying his "Motion to Vacate Void Sentence."  This Court affirms.

I.

{¶2}  This is the third appeal Davis has filed involving his criminal convictions and sentence.  In a prior appeal, *State v. Davis*, 9th Dist. Medina No. 13CA0104-M, 2014-Ohio-4122 ("*Davis II*"), this Court set forth the basic underlying factual and procedural history as follows:

> In 1981, Mr. Davis was convicted of multiple offenses, including counts of murder, arson, and aggravated burglary.  Mr. Davis appealed, and this Court affirmed his convictions.  *State v. Davis*, 4 Ohio App.3d 199 (9th Dist.1982).
>
> In 2013, Mr. Davis filed a motion in the trial court asking the court to vacate his sentencing entry, which he argued was void for failing to contain the manner of conviction: that he was found guilty by a jury.  The trial court denied the motion in an entry dated December 5, 2013.

*Davis II* at ¶ 2-3.

**{¶3}** On appeal, this Court affirmed the trial court's judgment denying Davis' motion to vacate his sentencing entry, but remanded the matter for a nunc pro tunc sentencing entry to clarify the manner of conviction under Crim.R. 32(C). *Id*. at ¶ 10. On remand, the trial court corrected Davis' sentencing entry to specify the manner of conviction. Davis subsequently filed a "Motion to Vacate Void Sentence" on November 18, 2014, which the trial court denied.

**{¶4}** Davis now appeals, raising one assignment of error for this Court's review.

II.

**Assignment of Error**

**The trial court erred and exceeded its authority, rendering the life sentence imposed a nullity or void, by its failure to comply with Ohio mandatory sentencing requirements when imposing a sentence. [sic] when Appellant was sentenced twice for the same offense.**

**{¶5}** In his sole assignment of error, Davis argues that the trial court erred by denying his "Motion to Vacate Void Sentence" as his sentence is contrary to law. We disagree as Davis' motion is untimely.

**{¶6}** A vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for post-conviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds,* 79 Ohio St.3d 158, 160 (1997). Davis' motion meets these four requirements. Accordingly, we determine that the trial court correctly construed Davis' "Motion to Vacate Void Sentence" as a petition for post-conviction relief. *See State v. Caldwell*, 3d Dist. Paulding No. 11-05-07, 2005-Ohio-5375, ¶ 9.

**{¶7}** Pursuant to former R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from

the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal.[1]  Additionally, R.C. 2953.23(A) precludes trial courts from "entertain[ing]" untimely petitions for post-conviction relief, unless one of the statute's exceptions applies.  For the purposes of this appeal, only R.C. 2953.23(A)(1)'s exception could potentially apply and it provides that both of the following conditions must exist for a trial court to entertain an untimely petition for post-conviction relief:

> (a)　　Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or subsequent to the [time limitation], the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b)　　The petition shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petition was convicted[.]

"A defendant's failure to either timely file a petition for post-conviction relief or meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition." *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 9.

{¶8}　　Here, the record reveals that the trial transcript was filed in Davis' direct appeal in August of 1981.  Davis could have filed his petition at any time from 1981 until 1996, when the 180-day deadline was first adopted.  However, Davis did not file the instant petition for post-conviction relief until November 18, 2014, well beyond the statutorily permitted time-frame for doing so.  *See* former R.C. 2953.21(A)(2).  Moreover, Davis has not argued on appeal that either of the exceptions set forth in R.C. 2953.23(A) is applicable to his case.  Therefore, we conclude that Davis' petition for post-conviction relief is untimely.  As such, the trial court lacked

___

[1] 2014 Am.S.B. No. 361 increased R.C. 2953.21(A)(2)'s time limitation for filing a post-conviction relief petition to 365 days.  Since the effective date of S.B. 361 postdates the filing of Davis' motion and the trial court's ruling, we rely on the former time limitation. *State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467, ¶ 18.

jurisdiction to entertain Davis' motion and we determine that the trial court did not err in denying it. *See State v. Stepler*, 9th Dist. Summit No. 23354, 2006-Ohio-6913, ¶ 9.

{¶9} Davis' assignment of error is overruled.

III.

{¶10} Davis' sole assignment of error is overruled and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
MOORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ERIC JOEL DAVIS, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.