[Cite as *State v. Dennard*, 2016-Ohio-2760.]

STATE OF OHIO   )      IN THE COURT OF APPEALS
         )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

STATE OF OHIO         C.A. No.   15CA010743

   Appellee

   v.            APPEAL FROM JUDGMENT
              ENTERED IN THE
RAYMOND DENNARD      COURT OF COMMON PLEAS
              COUNTY OF LORAIN, OHIO
   Appellant       CASE No.  13CR087422

DECISION AND JOURNAL ENTRY

Dated: May 2, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Raymond Dennard, appeals the judgment of the Lorain County Court of Common Pleas classifying him as a sexual predator. For the reasons set forth below, we affirm.

I.

{¶2} In 2013, Dennard was subjected to a DNA test, the results of which implicated him in an unsolved rape case from 2001. The Lorain County Grand Jury indicted Dennard on the following six counts: (I) kidnapping in violation of R.C. 2905.01(A)(2), a first degree felony; (II) kidnapping in violation of R.C. 2905.01(B)(2), a first degree felony; (III) rape in violation of R.C. 2907.02(A)(2), a first degree felony; (IV) rape in violation of R.C. 2907.02(A)(2), a first degree felony; (V) aggravated burglary in violation of R.C. 2911.11(A)(1), a first degree felony; and (VI) aggravated burglary in violation of R.C. 2911.11(A)(2), a first degree felony. Counts I, II, V, and VI also carried a sexual motivation specification pursuant to R.C. 2941.147. After

initially pleading not guilty, Dennard changed his plea prior to trial and entered guilty pleas to all of the charges within the indictment.

{¶3} The trial court conducted a sentencing hearing on February 3, 2015. The trial court sentenced Dennard to nine years of imprisonment on Counts I, II, III, and IV and to five years of imprisonment on Counts V and VI. The trial court ordered that Count III be served consecutively to Count V, with the remaining counts to be served concurrently. Thus, the trial court sentenced Dennard to a total term of 14 years in prison. At the same hearing, the trial court found that Dennard was a sexual predator after considering the PSI report and hearing argument from the parties.

{¶4} Dennard filed this timely appeal, raising two assignments of error for our review.

II.

**Assignment of Error I**

**The evidence is insufficient to support the sexual predator classification of Mr. Dennard since the court erred as a matter of law in following R.C. 2950.09.**

{¶5} In his first assignment of error, Dennard argues that the trial court erred when it found him to be a sexual predator. We disagree.

{¶6} Former R.C. 2950.01 et seq., known as "Megan's Law," creates three classifications for sexual offenders: sexually oriented offender, habitual sex offender, and sexual predator. *See* former R.C. 2950.09. The principal distinctions in the classifications are the reporting requirements: sexual predators have to register their address every 90 days for life; habitual sex offenders have to register their address annually for 20 years; and sexually oriented offenders have to register their address annually for 10 years. *See* former R.C. 2950.04(C)(2); former 2950.06(B)(1), (2); and former 2950.07(B)(1), (2). Ohio's current sexual offender

registration act, the Adam Walsh Act, became effective January 1, 2008. However, because Dennard committed the sexual offenses in this matter in 2001, before the enactment of the Adam Walsh Act, he was subject to Megan's Law. *State v. Howard,* 134 Ohio St.3d 467, 2012–Ohio–5738, ¶ 17. Indeed, both parties stipulate in their respective merits brief that Megan's Law governs in this case.

{¶7} Former R.C. 2950.01(E)(1) defines a sexual predator as "[a] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." Specifically, Dennard maintains that there was not clear and convincing evidence that he would be likely to commit a future sexually oriented offense.

{¶8} In making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors pursuant to former R.C. 2950.09(B)(3), including:

(a) The offender's or delinquent child's age;

(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;

(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;

(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;

(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;

(g) Any mental illness or mental disability of the offender or delinquent child;

(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;

(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.

"To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be 'likely to engage in the future in one or more sexually oriented offenses.'" *State v. Eppinger*, 91 Ohio St.3d 158, 161 (2001), quoting former R.C. 2950.01(E).

{¶9} The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. Former R.C. 2950.09(B)(4). Clear and convincing evidence is more than a mere preponderance of the evidence, yet does not rise to the level of evidence beyond a reasonable doubt. *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. Clear and convincing evidence is evidence that "produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* Thus, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel,* 55 Ohio St.3d 71, 74 (1990).

{¶10} Here, Dennard advances a number of arguments in support of his first assignment of error. First, Dennard contends that the trial court failed to hold the sexual offender hearing prior to imposing sentence. A review of the transcript reveals that the trial court made its sexual predator classification in this case during the sentencing hearing, but after it had already imposed

its sentence. Former R.C. 2950.09(B)(1) states, in part, that "[t]he judge shall conduct the [sexual offender] hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing[.]" In interpreting this statutory provision, however, the Supreme Court of Ohio held that former R.C. 2950.09(B)(1)'s timing requirement exists simply for convenience and orderly procedure. *State v. Bellman*, 86 Ohio St.3d 208, 210 (1999). As such, the statute's requirement that a sexual offender hearing precede sentencing is merely directory, not mandatory and may be forfeited by the defendant. *Id*. at 210-211.

{¶11} As Dennard did not object to the trial court conducting the sexual offender hearing after sentencing, we determine that Dennard forfeited the requirement that a sexual offender hearing precede sentencing. *See State v. Elder*, 6th Dist. Ottawa Nos. OT-01-027, OT-01-028, 2003-Ohio-893, ¶ 17. Moreover, we also determine that even assuming arguendo that the trial court erred by sentencing Dennard first, such error was harmless as the statutory time requirement in R.C. 2950.09(B)(1) is merely directory and the trial court still had jurisdiction to hold the sexual offender hearing. *See* Crim.R. 52(A). Furthermore, no prejudice was apparent as a result of the sexual offender hearing being held subsequent to the imposition of sentence. *See State v. Echols*, 2d Dist. Greene Nos. 99CA60, 99CA82, 2000 WL 543313, * 3 (May 5, 2000) (concluding that trial court's error in sentencing defendant prior to holding sexual offender hearing was harmless as trial court still possessed jurisdiction to conduct the hearing and because the defendant could not establish any prejudice from the error.).

{¶12} Next, Dennard argues that the trial court erred by failing to adhere to the model procedure for sexual-offender-classification hearings that the Supreme Court of Ohio articulated in *Eppinger*. Specifically, Dennard contends that the trial court failed to create a complete record for review, failed to utilize an expert to assist in determining whether he was likely to

engage in future sexually-related offenses, and failed to specifically address the statutory factors enumerated in R.C. 2950.09(B)(3). However, a careful review of the transcript reveals that Dennard did not object at any time during the sexual offender hearing. As such, as it relates to Dennard's arguments involving the three *Eppinger* objectives, we conclude that Dennard has forfeited all but plain error on appeal. *See State v. Maple*, 4th Dist. Ross No. 01CA2605, 2002 WL 507530, * 3 (Apr. 2, 2002) (determining that defendant's failure to object to the trial court's reliance upon the evidence presented at trial and the PSI report when adjudicating him a sexual predator waived that issue on appeal.). Although Dennard has preserved plain error review, he has failed to argue the existence of plain error on appeal. This Court has repeatedly noted that it will not sua sponte fashion an unraised plain error argument and then address it. *E.g., State v. McCrae,* 9th Dist. Summit No. 27387, 2015–Ohio–1803, ¶ 8 (collecting cases).

{¶13} Dennard's first assignment of error is overruled.

### Assignment of Error II

**Appellant was denied effective assistance of counsel at the sexual predator hearing.**

{¶14} In his second assignment of error, Dennard contends that he received ineffective assistance of counsel during the sexual offender hearing. Specifically, Dennard argues that his trial counsel was ineffective for failing to seek an expert witness who would testify at the sexual offender hearing that Dennard was unlikely to engage in future sexually oriented offenses. We disagree.

{¶15} "On the issue of counsel's ineffectiveness, [Dennard, as the Appellant,] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, ¶ 62. To prove ineffective assistance of counsel, Dennard must establish that (1) his counsel's performance was deficient, and (2) "the deficient

performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To demonstrate prejudice, an appellant must prove that "there exists a reasonable probability that, were it not for counsel's [deficient performance], the result of the trial would have been different." *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. This Court need not address both prongs of *Strickland* if an appellant fails to prove either one. *State v. Ray,* 9th Dist. Summit No. 22459, 2005–Ohio–4941, ¶ 10.

{¶16} In support of his argument that his trial counsel was ineffective, Dennard cites to the Ohio Supreme Court's holding that "an expert witness shall be provided to an indigent defendant at a[] [former] R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of [former] R.C. 2950.01(E)." *Eppinger*, 91 Ohio St.3d at 162. Dennard's reliance upon *Eppinger* is misplaced because the record in this case reflects that Dennard retained his own attorneys and was not indigent. *Eppinger* expressly held that a trial court must appoint an expert witness to *indigent* defendants if such services are reasonably necessary to help determine whether a defendant is likely to reoffend. Thus, *Eppinger* is inapposite in this case. Additionally, we note that the second *Eppinger* objective, which states that "an expert *may* be required * * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses" is permissive in nature and does not mandate the aid of expert witnesses as a per se rule. (Emphasis added). *Id*. at 166. Thus, we determine that Dennard was not entitled to an expert witness at the state's expense at his sexual offender hearing.

**{¶17}** Lastly, "[a] defendant is not deprived of effective assistance of counsel when counsel chooses, for strategical reasons, not to pursue every possible trial tactic." *State v. Brown*, 38 Ohio St.3d 305, 319 (1988). Courts in Ohio have routinely held that "[t]he decision of whether or not to hire an expert is a matter of trial strategy, and does not, in and of itself, amount to ineffective assistance of counsel." *State v. Keyes*, 6th Dist. Erie No. E-08-072, 2009-Ohio-6343, ¶ 28, citing *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 118 ("A decision by trial counsel not to call an expert witness generally will not sustain a claim of ineffective assistance of counsel."); *see also State v. Capers*, 9th Dist. Lorain No. 10CA009801, 2011-Ohio-2443, ¶ 22. Nothing in the record indicates that procuring an expert on behalf of Dennard would have resulted in more favorable testimony. As such, Dennard cannot show that his trial counsel's decision not to request an expert witness caused him any prejudice. Therefore, we conclude that Dennard's ineffective assistance of counsel argument is without merit.

**{¶18}** Dennard's second assignment of error is overruled.

III.

**{¶19}** Having overruled both of Dennard's assignments of error, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CANNON, J.
CONCUR.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment).

APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.