[Cite as *State v. Dennard*, 2019-Ohio-2601.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011199 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAYMOND L. DENNARD | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR087422 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2019

CALLAHAN, Judge.

**{¶1}** Appellant, Raymond Dennard, appeals an order that dismissed his "Petition to Vacate or Set Aside Sentence." This Court affirms.

I.

**{¶2}** In 2015, Mr. Dennard pleaded guilty to two counts of kidnapping, two counts of rape, two counts of aggravated burglary, and sexual motivation specifications that accompanied the kidnapping and aggravated burglary counts. The trial court sentenced him to prison terms totaling fourteen years and classified him as a sexual predator under former R.C. 2950.09. Mr. Dennard appealed, challenging his classification as a sexual predator. This Court affirmed. *State v. Dennard*, 9th Dist. Lorain No. 15CA010743, 2016-Ohio-2760. On August 23, 2017, Mr. Dennard filed a "Petition to Vacate or Set Aside Sentence," in which he argued that his guilty plea was not knowing and voluntary and that the trial court retroactively applied the Adam Walsh Act, Am.Sub.S.B. No. 10, 2007 Ohio Laws 10. The trial court denied his motion, and Mr.

Dennard filed this appeal. His two assignments of error are combined for purposes of disposition.

II.

## ASSIGNMENT OF ERROR NO. 1

APPELLANT'S PLEA WAS NOT VOLUNTARILY, KNOWINGLY AND INTELLIGENTLY [ENTERED], THEREBY, IN VIOLATION OF DUE PROCESS AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

## ASSIGNMENT OF ERROR NO. 2

APPELLANT'S SENTENCE IS CONTRARY TO LAW, THEREBY, IN VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶3} Mr. Dennard's assignments of error argue that the trial court erred by denying his post-sentence motion. This Court disagrees.

{¶4} This Court must first consider the nature of the motion at issue in this appeal. R.C. 2953.21(A)(1)(a) provides:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

Faced with an irregular motion, this Court may construe the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12.

{¶5} To the extent that Mr. Dennard's motion challenged his convictions, it is properly characterized as a petition for postconviction relief. "A vaguely titled motion, including a motion to correct or vacate a judgment or sentence," may be treated as a petition for

postconviction relief under R.C. 2953.21(A)(1) when "(1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence." *State v. Davis*, 9th Dist. Medina No. 15CA0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{**¶6**} Mr. Dennard filed his petition on August 23, 2017, so the current version of the postconviction statutes applies in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute."). R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. A trial court may only entertain an untimely petition when:

> Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). A trial court does not have jurisdiction to hear an untimely petition for postconviction relief unless the requirements of R.C. 2953.23(A) are met. *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9.

{¶7}	Mr. Dennard's sentencing entry was dated February 4, 2015.  The record in his direct appeal was filed on June 23, 2015, so under R.C. 2953.21(A)(2), he had until June 22, 2016, to petition for postconviction relief.[1]  Mr. Dennard filed his petition on August 23, 2017, more than one year after that deadline passed.  He did not demonstrate by clear and convincing evidence that the requirements of R.C. 2953.23(A)(1) were met.  *See State v. Demyan*, 9th Dist. Lorain No. 11CA010096, 2012-Ohio-3634, ¶ 4, quoting *State v. Meek*, 9th Dist. Lorain No. 02CA008134, 2003-Ohio-1803, ¶ 7 (observing that a petitioner who pleaded guilty instead of going to trial cannot demonstrate the constitutional error required by R.C. 2953.23(A)(1)(b)).  Consequently, the trial court did not have jurisdiction to entertain his untimely petition.  *See Daniel* at ¶ 9.

{¶8}	To the extent that Mr. Dennard's motion challenges his classification as a sexual predator, it must be characterized differently.  Proceedings under former R.C. 2950.09 are civil in character.  *See State v. Gowdy*, 88 Ohio St.3d 387, 398 (2000), citing *State v. Cook*, 83 Ohio St.3d 404, 423 (1998).  For that reason, a motion that challenges a sexual predator determination should not be classified as a petition for postconviction relief.  *State v. Wesley*, 149 Ohio App.3d 453, 2002-Ohio-5192, ¶ 6 (6th Dist.).  *Accord State v. Booker*, 8th Dist. Cuyahoga No. 95740, 2011-Ohio-2154, ¶ 9; *State v. Kelly*, 7th Dist. Mahoning No. 07 MA 27, 2007-Ohio-6228, ¶ 22.

{¶9}	Under Crim.R. 57(B), a court may look to the Ohio Rules of Civil Procedure when no applicable provision of the Ohio Rules of Criminal Procedure exists.  *See Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, at ¶ 10.  To the extent that Mr. Dennard's motion challenged his sexual predator classification, it could not be characterized as a petition for postconviction relief, and no provision of the Ohio Rules of Criminal Procedure apply.  That portion of Mr. Dennard's

---

[1] 2016 was a leap year.

motion is most accurately characterized as a motion for relief from judgment under Civ.R. 60(B). *See Wesley* at ¶ 6. *See also Booker* at ¶ 9; *Kelly* at ¶ 22. Motions filed under Civ.R. 60(B), however, must "be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." *Id. See also GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Mr. Dennard did not demonstrate that his motion was filed within a reasonable time and, consequently, the trial court did not err by denying it.

{¶10} Mr. Dennard's first and second assignments of error are overruled.

III.

{¶11} Mr. Dennard's assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RAYMOND L. DENNARD, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.