[Cite as *State v. Nichols*, 2019-Ohio-3084.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    29228 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRESHAUN NICHOLS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR-2008-08-2755-B |

DECISION AND JOURNAL ENTRY

Dated: July 31, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, Breshaun Nichols, appeals from the trial court's denial of his motion to vacate void judgment in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court previously set forth a portion of the procedural history in this case as follows:

In 2009, Nichols was convicted of attempted murder, felonious assault, aggravated robbery, having weapons under disability, and three firearm specifications. The trial court sentenced Nichols to 29 years in prison, and Nichols appealed. This Court affirmed his convictions on appeal. *See State v. Nichols*, 9th Dist. Summit No. 24900, 2010-Ohio-5737.

After this Court issued its decision, the trial court sua sponte ordered Nichols to appear for resentencing due to a defective post-release control notification. The trial court held a resentencing on the issue of post-release control and issued a new sentencing entry on August 15, 2011, to reflect the correction to Nichols' term of post-release control.

On March 28, 2013, Nichols filed a pro se petition for post-conviction relief ("PCR"). The State then filed a motion to dismiss the petition as untimely. The

trial court agreed that the petition was untimely and ultimately concluded that it lacked jurisdiction to consider it. Consequently, the court dismissed the petition.

*State v. Nichols*, 9th Dist. Summit No. 26923, 2014-Ohio-102, ¶ 2-4. Mr. Nichols appealed from the denial of his petition, and this Court affirmed, concluding that: "Because Nichols' PCR petition was untimely and failed to satisfy the requirements for an untimely petition, the trial court did not err by dismissing the petition." *Id.* at ¶ 14-15.

{¶3} Mr. Nichols then filed a motion to correct void judgment, which the trial court denied. He untimely appealed the denial of that motion, and this Court dismissed the attempted appeal for want of jurisdiction. *See State v. Nichols*, 9th Dist. Summit No. 28649 (July 13, 2017).

{¶4} Mr. Nichols next filed a motion to vacate void judgment, arguing that his conviction is void because attempted felony murder is "not a cognizable crime in Ohio," it was unclear from the jury's verdict whether it found him guilty of attempted purposeful murder or attempted felony murder, and the attempted murder jury instruction given by the trial court was "clearly erroneous." The trial court recast the motion as a petition for post-conviction relief, denied it as untimely, and further found that it was barred by res judicata.[1]

{¶5} Mr. Nichols now appeals from the trial court's denial of his motion to vacate void judgment and raises two assignments of error for this Court's review.

{¶6} For ease of analysis, we will consolidate Mr. Nichols' assignments of error.

---

[1] Mr. Nichols filed another motion to vacate void judgment as well, arguing that his conviction is void due to defects in the underlying complaint, which the trial court also denied. However, he has not appealed the denial of that order.

II.

### ASSIGNMENT OF ERROR ONE

TRIAL COURT ERRED WHEN IT CONSTRUED APPELLANT[']S MOTION TO VACATE VOID JUDGMENT AS A POST-CONVICTION RELIEF PETITION PURSUANT TO ORC[] 2953.21

### ASSIGNMENT OF ERROR TWO

THE DEFENDANT WAS IMPROPERLY CONVICTED OF ATTEMPTED FELONY MURDER WHEN THE CRIME OF ATTEMPTED FELONY MURDER HAS BEEN DECLARED IMPOSSIBLE IN OHIO.

{¶7} In his assignments of error, Mr. Nichols argues that he was erroneously convicted of attempted felony murder, which is not a cognizable crime in Ohio, and the trial court erred in construing his motion as a petition for post-conviction relief. We disagree.

{¶8} Mr. Nichols did not file his motion to vacate void judgment pursuant to any specific rule or statute. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. "'A vaguely titled motion, including a motion to correct or vacate a judgment or sentence, may be construed as a petition for post-conviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence.'" *State v. Gordon*, 9th Dist. Summit No. 29009, 2018-Ohio-4311, ¶ 5, quoting *State v. Davis*, 9th Dist. Medina No. 15C0004-M, 2015-Ohio-5182, ¶ 6, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997).

{¶9} Mr. Nichols filed his motion subsequent to his direct appeal and sought to vacate an alleged void judgment. Within his motion, he claimed it was unclear from the jury's verdict whether it found him guilty of attempted purposeful murder under R.C. 2903.02(A) or attempted

felony murder under R.C. 2903.02(B), which is a constitutional due process claim. *See State v. Elkins*, 10th Dist. Franklin No. 10AP-6, 2010-Ohio-4605, ¶ 9, citing *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 36 ("Due process requires that the state establish beyond a reasonable doubt every fact necessary to constitute the crime charged."). The trial court therefore properly construed Mr. Nichols' motion as a petition for post-conviction relief.

{¶10} Generally, "[w]e review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard." *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 7. Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law. *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9. "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *Id.* Here, the trial court determined Mr. Nichols' petition was untimely under R.C. 2953.21. The court further found that Mr. Nichols failed to argue any of the exceptions in R.C. 2953.23 applied. Consequently, we will apply a de novo standard of review. *See Childs* at ¶ 9.

{¶11} Because Mr. Nichols filed a direct appeal from his convictions, and his case did not involve a sentence of death, he was required to file his petition "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." R.C. 2953.21(A)(2). The trial transcript was filed in this Court in Mr. Nichols' direct appeal on January 15, 2010. However, Mr. Nichols did not file his petition in the trial court until October 4, 2018, well beyond the statutory deadline. His petition was therefore untimely. Apart from being untimely, it was also successive, as Mr. Nichols had previously filed a petition for post-conviction relief in this case.

**{¶12}** A trial court may not entertain untimely or successive petitions unless the petitioner satisfies certain requirements. *See* R.C. 2953.23(A)(1). First, he must either show that he was unavoidably prevented from discovering the facts he relies on or that, subsequent to the 365-day deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation, and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). Second, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *." R.C. 2953.23(A)(1)(b).

**{¶13}** Mr. Nichols made no attempt in his petition to satisfy the requirements of R.C. 2953.23(A)(1). The trial court therefore lacked authority to entertain the untimely and successive petition, and properly denied it. *See State v. Saturday*, 9th Dist. Summit No. 28372, 2017-Ohio-4274, ¶ 23.

**{¶14}** The trial court further found that Mr. Nichols' claims were nonetheless barred by res judicata. A petition for post-conviction relief may be properly dismissed without a hearing on the basis of res judicata. *State v. Griffin*, 9th Dist. Lorain No. 14CA010680, 2016-Ohio-2988, ¶ 14. Pursuant to the doctrine of res judicata:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. All of Mr. Nichols' claims were predicated upon facts that were evident on the face of the record, could have been raised on direct appeal, and are now barred by the doctrine of res judicata. *See State v. Wharton*, 9th Dist. Summit No. 27656, 2015-Ohio-4566, ¶ 13.

**{¶15}** Mr. Nichols' first and second assignments of error are overruled.

III.

**{¶16}** Mr. Nichols' first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRESHAUN NICHOLS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.