[Cite as *State v. Guyton*, 2021-Ohio-3725.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29913 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUSTIN E. GUYTON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 12 3554 |

DECISION AND JOURNAL ENTRY

Dated: October 20, 2021

SUTTON, Judge.

{¶1}    Defendant-Appellant Justin Guyton appeals the judgment of the Summit County Court of Common Pleas.  For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    In 2009, a grand jury indicted Mr. Guyton on two counts of aggravated robbery, pursuant to R.C. 2911.01(A)(1); two counts of having weapons while under disability, pursuant to R.C. 2923.13(A)(2); one count of theft, pursuant to R.C. 2913.02(A)(1); one count of petty theft, pursuant to R.C. 2913.02(A)(1); and specifications for having a firearm and being a repeat violent offender.  Further, in 2010, the grand jury issued a supplemental indictment charging Mr. Guyton with additional counts of aggravated robbery and having weapons while under disability, and an additional firearm specification.

**{¶3}** On May 20, 2010, Mr. Guyton signed a written guilty plea, which was journalized by the trial court, admitting guilt on three counts of aggravated robbery and a firearm specification. In so doing, Mr. Guyton acknowledged he understood the guilty plea and wished to waive "all of the rights" set forth therein, including his right to a trial by jury where the prosecutor had the burden to prove Mr. Guyton's guilt beyond a reasonable doubt "on each and every element of each crime of which [he was] charged" and his right to demand the attendance of witnesses at trial and to cross-examine witnesses who testified against him. As part of this plea agreement, the State dismissed the remaining counts against Mr. Guyton and the trial court sentenced him to eighteen years imprisonment, instead of the maximum of forty-eight years that could have been imposed if the State were successful on all counts of the indictment at trial.

**{¶4}** Over a decade later, and after two failed attempts to vacate his sentence without filing a timely appeal, Mr. Guyton sought to withdraw his guilty plea alleging: (1) he "had the right to face the person who accused him of criminal charges[;]" (2) the indictment "failed to list a victim of aggravated robbery[,]" (3) his counsel was ineffective for failing to advise him there was "no victim of a crime listed in the record[.]" The State opposed the motion arguing Mr. Guyton did not meet his burden to prove a manifest injustice had occurred in the making of the plea agreement. Additionally, the State raised the issue of timing and the fact Mr. Guyton waited over a decade to file this motion, with no explanation as to the reason for a such a delay.

**{¶5}** On January 18, 2021, the trial court denied Mr. Guyton's motion to withdraw his guilty plea. It is from this journal entry Mr. Guyton appeals raising two assignments of error for our review. We consolidate Mr. Guyton's assignments of error in order to better facilitate our analysis.

II.

**ASSIGNMENT OF ERROR I**

**[THE TRIAL] COURT ABUSED ITS DISCRETION BY NOT GRANTING MOTION FOR [WITHDRAWAL] OF GUILTY PLEA WHILE KNOWING THAT THE RECORD CLEARLY PROVES THAT THERE IS NO EVIDENCE TO INDICATE THAT AN [AGGRAVATED] ROBBERY WAS COMMITTEED AGAINST A PERSON, PLACE OR THING TO JUSTIFY ACCEPTANCE OF [MR. GUYTON'S] GUILTY PLEA.**

**ASSIGNMENT OF ERROR II**

**TRIAL ATTORNEY WAS ABSOLUTELY INEFFECTIVE FOR FAILING TO FILE MOTION FOR DISCOVERY AND TO INFORM [MR. GUYTON] THAT THERE WAS NO EVIDENCE IN THE RECORD TO INDICATE THAT THE CRIME OF [AGGRAVATED] ROBBERY WAS COMMITTTED[.]**

{¶6} In his two assignments of error, Mr. Guyton argues the trial court erred in denying his motion to withdraw his guilty plea and his trial counsel was ineffective. For the following reasons, this Court disagrees.

{¶7} "Crim.R. 32.1 provides that a trial court 'after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea' to correct a 'manifest injustice.'" *State v. Mills*, 9th Dist. Summit No. 29224, 2019-Ohio-2205, ¶ 8, quoting *State v. Bravo*, 9th Dist. Summit No. 27881, 2017-Ohio-272, ¶ 6. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *Id*. Moreover, "[i]t is the defendant's burden to demonstrate the existence of a manifest injustice." *Id*., citing *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 11.

{¶8} "Ineffective assistance of counsel can form the basis for a claim of manifest injustice to support withdrawal of a guilty plea pursuant to Crim.R. 32.1." *State v. Graham*, 9th Dist. Summit No. 28153, 2017-Ohio-908, ¶ 8. In addition, "[t]his Court has held that [a] guilty

plea is not voluntary if it is the result of ineffective assistance of counsel." (Internal quotations and citation omitted.) *Bravo* at ¶ 7. "This Court uses a two-step process as set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to determine whether a defendant's right to the effective assistance of counsel has been violated." *Bravo* at ¶ 8. Importantly:

> When the *Strickland* test is applied to guilty pleas, the defendant must first show that counsel's performance was deficient. Next, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty. The mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily.

(Internal quotations and citations omitted.) *Bravo* at ¶ 9, quoting *State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 17 (9th Dist.). Further, as to the second prong of *Strickland*, that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty, a defendant "must do more than present post hoc assertions * * * about how he would have pleaded but for his attorney's deficiencies." *State v. Romero*, 156 Ohio St. 3d 468, 2019-Ohio-1839, ¶ 28. (Internal quotation and citation omitted.) Instead, "[t]he trial court should look to contemporaneous evidence that substantiates [a defendant]'s statements." *Id*. Moreover, "[t]he Ohio Supreme Court has recognized that a court need not analyze both prongs of the *Strickland* test, where the issue may be disposed upon consideration of one of the factors." *Bravo* at ¶ 10.

{¶9} "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. West*, 9th Dist. Lorain No. 17CA011110, 2018-Ohio-1176, ¶ 6. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} In the present matter, Mr. Guyton argues the indictment was defective for failing to name a victim of the aggravated robbery, there was no victim named in the record, and counsel was ineffective for failing to seek discovery and disclose these alleged deficiencies to Mr. Guyton prior to the plea agreement. In accordance with Crim.R. 7(B), an indictment shall:

> contain a statement that the defendant has committed a public offense specified in the indictment. The information shall be signed by the prosecuting attorney or in the name of the prosecuting attorney by an assistant prosecuting attorney and shall contain a statement that the defendant has committed a public offense specified in the information. The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.

Further, as this Court has previously stated, "[t]he name of the victim and the property stolen are not essential elements of the crime of aggravated robbery. They, therefore, need not be included in the indictment." *State v. Campbell*, 9th Dist. Summit No. 12149, 1985 WL 4374, *2 (Dec. 11, 1985).

{¶11} Here, the indictment for aggravated robbery reads, in relevant part, as follows:

> [O]n or about the 13th day of November, 2009, in the County of Summit and State of Ohio, [Mr. Guyton], did commit the crime of AGGRAVATED ROBBERY in that he did, in attempting or committing a theft offense, as defined in Section 2913.01 of the Ohio Revised Code, or in fleeing immediately after the attempt or offense, have a deadly weapon, to wit: handgun on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it, in violation of Section 2911.01(A)(1) of the Ohio Revised Code[.]

Mr. Guyton's indictment properly tracks the language in R.C. 2911.01(A)(1), for the crime of aggravated robbery. As such, pursuant to Crim.R. 7(B), the indictment is sufficient. Further, even if the indictment were flawed in some manner, Mr. Guyton waived any "claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*

*v. Henderson*, 411 U.S. 258, 267 (1973). *See also Ross v. Common Pleas Court of Auglaize County*, 30 Ohio St.2d 323 (1972) (valid guilty plea by counseled defendant waives all nonjurisdictional defects in prior stages of proceedings). Indeed, if Mr. Guyton had decided to go forward with a jury trial, instead of accepting a plea offer, the State would have been obligated to prove Mr. Guyton committed each and every element of the crimes charged beyond a reasonable doubt, which may have included testimony from one or more victims. However, because Mr. Guyton pleaded guilty to three counts of aggravated robbery and the gun specification, he waived his rights to compulsory process and to cross-examine any witnesses who may have testified against him at trial. Additionally, with respect to trial counsel's decision not to request discovery, this Court has stated "the omission is largely a matter of trial strategy, which does not demonstrate ineffective assistance." *State v. Kirkendoll*, 9th Dist. Lorain No. 19CA011465, 2019-Ohio-5019, ¶ 16, quoting *State v. Williams*, 9th Dist. Lorain No. 09CA004830, 1991 WL 43317, *4 (Mar. 27, 1991). Thus, based upon the foregoing, Mr. Guyton's counsel's performance, relating to the indictment, discovery, and guilty plea was not deficient under *Strickland* and Mr. Guyton failed to meet his burden to demonstrate the existence of a manifest injustice.

{¶12} Given the foregoing, we cannot say the trial court abused its discretion in denying Mr. Guyton's motion to withdraw his guilty plea.

{¶13} Mr. Guyton's two assignments of error are overruled.

III.

{¶14} For the foregoing reasons, Mr. Guyton's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JUSTIN E. GUYTON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.