[Cite as *State v. Buchs*, 2023-Ohio-1608.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 22CA011888 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONALD BUCHS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 17CR096278 |

DECISION AND JOURNAL ENTRY

Dated: May 15, 2023

FLAGG LANZINGER, Judge.

{¶1}    Donald J. Buchs appeals from the judgment of the Lorain County Court of Common Pleas, denying his untimely petition for post-conviction relief. For the following reasons, this Court affirms.

I.

{¶2}    On May 2, 2018, Mr. Buchs pleaded guilty to charges for aggravated vehicular homicide, aggravated vehicular assault, vehicular assault, and driving under the influence. The charges stemmed from a motor vehicle accident wherein Mr. Buchs's vehicle crashed into several vehicles while speeding through an intersection. The accident caused injuries to several people and the death of a six-year-old girl. Subsequent toxicology reports indicated that Mr. Buchs had THC (i.e., "the principal psychoactive constituent of the cannabis plant") in his bloodstream at the time of the accident. *State v. Naples*, 9th Dist. Lorain No. 17CA011169, 2018-Ohio-2562, ¶ 2.

{¶3}    On July 11, 2018, the trial court sentenced Mr. Buchs to an aggregate prison term of 11 years. The trial court journalized its sentencing entry on July 16, 2018. Mr. Buchs did not file a direct appeal.

{¶4}    Almost four years later, on July 15, 2022, Mr. Buchs filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence & for Post-Conviction Relief[.]" In it, Mr. Buchs argued that his convictions were constitutionally void or voidable because his plea agreement was: (1) induced by promises and incorrect advice from his trial counsel; (2) rendered involuntary by his trial counsel's deteriorating mental state; and (3) compromised by his trial counsel's failure to properly prepare a defense. Mr. Buchs argued that this deprived him of his constitutional right to the effective assistance of counsel, entitling him to post-conviction relief or, alternatively, to withdraw his guilty plea.

{¶5}    Regarding the alleged promises and incorrect advice, Mr. Buchs argued that his trial counsel incorrectly advised him that he would receive no more than five years of incarceration if he pleaded guilty. Regarding his trial counsel's deteriorating mental state, Mr. Buchs argued that one of his attorneys (Mr. Buchs was represented by two attorneys) had early on-set dementia. Mr. Buchs asserted that he was unaware of his attorney's mental state at the time of the underlying proceedings. Regarding his trial counsel's failure to properly prepare a defense, Mr. Buchs argued that competent counsel would have retained an expert or been aware of studies indicating that THC results do not correlate with impairment. Mr. Buchs concluded that, had he been represented by competent counsel, he would not have pleaded guilty.

{¶6}    In his petition, Mr. Buchs acknowledged that his petition was untimely under R.C. 2953.21(A)(2)(a). R.C. 2953.21(A)(2)(a) ("If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-

five days after the expiration of the time for filing the appeal."). Mr. Buchs argued, however, that the trial court should consider his untimely petition because he met the requirements under R.C. 2953.23(A). More specifically, Mr. Buchs argued that he was unavoidably prevented from discovering the facts that supported his claim for ineffective assistance and that, but for his trial counsel's ineffective assistance, he would not have pleaded guilty.

{¶7} The trial court summarily denied Mr. Buchs's petition without holding an evidentiary hearing or providing findings of fact and conclusions of law. Mr. Buchs now appeals, raising two assignments of error for this Court's review. For ease of consideration, this Court will consider Mr. Buchs's second assignment of error first.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. BUCHS'[S] MOTION FOR POST CONVICTION RELIEF.

{¶8} In his second assignment of error, Mr. Buchs argues that the trial court abused its discretion when it denied his petition for post-conviction relief. For the following reasons, this Court disagrees.

{¶9} This Court generally reviews a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard. *State v. Nichols*, 9th Dist. Summit No. 29228, 2019-Ohio-3084, ¶ 10. "Our standard of review is de novo, however, when the trial court denies a petition solely on the basis of an issue of law." *Id.* "Whether a defendant's post-conviction relief petition satisfied the procedural requirements set forth in R.C. 2953.21 and R.C. 2953.23 is an issue of law." *State v. Childs*, 9th Dist. Summit No. 25448, 2011-Ohio-913, ¶ 9.

{¶10} Here, there is no dispute that Mr. Buchs did not file a timely petition under R.C. 2953.21(A)(2)(a). "A trial court does not have jurisdiction to hear an untimely petition for

postconviction relief unless the requirements of R.C. 2953.23(A) are met." *State v. Dennard*, 9th Dist. Lorain No. 17CA011199, 2019-Ohio-2601, ¶ 6. As this Court has stated:

> First, he must show either that (1) he was "unavoidably prevented" from discovering the facts he relies on, or (2) subsequent to the 365-day deadline, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right."

(Alterations sic.) *State v. Little*, 9th Dist. Lorain No. 20CA011662, 2021-Ohio-1446, ¶ 8, quoting R.C. 2953.23(A)(1)(a). "Second, he must show 'by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which he was convicted * * *.'" *Id.*, quoting R.C. 2953.23(A)(1)(b). "Several Ohio appellate courts have held that a petitioner cannot meet the requirement of R.C. 2953.23(A)(1)(b) where the defendant pled guilty and has had no trial." *State v. Liles*, 3d Dist. Allen No. 1-21-60, 2022-Ohio-1713, ¶ 12 (collecting cases); *State v. Davis*, 6th Dist. Lucas No. L-22-1100, 2022-Ohio-4767, ¶ 28 (same); *Dennard*, 2019-Ohio-2601, at ¶ 7, citing *State v. Demyan*, 9th Dist. Lorain No. 11CA010096, 2012-Ohio-3634, ¶ 4 (acknowledging same).

{¶11} Here, Mr. Buchs pleaded guilty to the charges and, therefore, failed to meet the requirement under R.C. 2953.23(A)(1)(b) that "but for constitutional error *at trial*, no reasonable factfinder would have found the petitioner guilty of the offense * * * *." (Emphasis added.); *see Dennard* at ¶ 6-7. Consequently, the trial court lacked jurisdiction to entertain Mr. Buchs's untimely petition. *Id.*

{¶12} Even assuming that Mr. Buchs's guilty plea did not preclude him from obtaining relief, this Court concludes that the trial court did not err by denying his untimely petition. The record reflects that Mr. Buchs was represented by two attorneys, both of whom attended the relevant underlying proceedings. Additionally, a review of the plea colloquy indicates that the trial

court informed Mr. Buchs of the potential penalties, including the maximum possible penalty. The plea colloquy also indicates that Mr. Buchs confirmed that he had not been promised anything in exchange for pleading guilty. The plea colloquy, therefore, undermined Mr. Buchs's claim that he pleaded guilty because his trial counsel told him that the maximum penalty the trial court could impose was five years. Thus, even if Mr. Buchs could establish that one of his attorneys rendered ineffective assistance as a result of his deteriorating mental state, Mr. Buchs's petition failed to establish that he suffered any prejudice. *See State v. Meyerson*, 9th Dist. Summit No. 30260, 2023-Ohio-708, ¶ 13 (explaining ineffective assistance claims in the context of post-conviction relief); *State v. Guyton*, 9th Dist. Summit No. 29913, 2021-Ohio-3725, ¶ 8 (explaining ineffective assistance claims in the context of withdrawing a guilty plea).

**{¶13}** Moreover, Mr. Buchs's petition failed to establish that he was unavoidably prevented from discovering that his trial counsel should have retained an expert and/or been aware of studies indicating that THC results do not correlate with impairment. Even assuming that his trial counsel should have retained an expert and/or been aware of studies indicating that THC results do not correlate with impairment, the materials Mr. Buchs cited in his petition to support this argument dated as far back as 1986. Thus, despite Mr. Buchs's argument to the contrary, he failed to establish that he was unavoidably prevented from discovering the facts that he relied upon in support of that claim.

**{¶14}** Simply put, the trial court did not err by denying Mr. Buchs's untimely petition for post-conviction relief without holding an evidentiary hearing because Mr. Buchs failed to meet the requirements under R.C. 2953.23(A). *Dennard*, 2019-Ohio-2601, at ¶ 6; *State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 26 ("When a party fails to satisfy the requirements for filing an untimely petition under R.C. 2953.23(A)(1), the trial court does not err by failing to hold

an evidentiary hearing before dismissing the petition."). The trial court likewise did not err by denying Mr. Buchs's alternative request for relief, that is, that the trial court allow him to withdraw his guilty plea based upon his trial counsel's ineffective assistance. Even if Mr. Buchs could prove that one of his attorneys rendered ineffective assistance as a result of his deteriorating mental state, Mr. Buchs failed to establish any resulting prejudice. *Guyton*, 2021-Ohio-3725, ¶ 8 (explaining ineffective assistance claims in the context of withdrawing a guilty plea).

**{¶15}** In light of the foregoing, Mr. Buchs's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING MR. BUCHS'[S] MOTION FOR
POST CONVICTION RELIEF WITHOUT MAKING FINDINGS OF FACT AND
CONCLUSIONS OF LAW.

**{¶16}** In his first assignment of error, Mr. Buchs argues that the trial court erred by denying his petition for post-conviction relief without making findings of fact and conclusions of law. The trial court, however, "was not required to issue findings of facts of conclusions of law because the petition was untimely." *State v. Porter*, 9th Dist. Summit No. 26168, 2013-Ohio-89, ¶ 12, citing *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002–Ohio–7042, ¶ 6. "This rule applies even when the defendant * * * claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." (Alterations sic.) *State ex rel. Ashipa v. Kubicki*, 114 Ohio St.3d 459, 2007-Ohio-4563, ¶ 4, quoting *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, ¶ 9. Accordingly, Mr. Buchs's first assignment of error is overruled.

III.

**{¶17}** Mr. Buchs's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.